* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.
OPINION
Anita M., mother of the minor, DeLonnie S., seeks review by direct appeal and petition for a writ of mandate of a disposition order, an order that no reunification services were to be provided, an order referring the cause for a permanency planning hearing and an order entered after a permanency planning hearing terminating her parental rights. The writ and the appeal have been consolidated for disposition.
 PROCEDURAL BACKGROUND AND FACTS
On August 27, 1990, one-year-old DeLonnie S. was admitted to Ridgecrest Community Hospital; he had suffered multiple injuries, including extensive bruises or marks over his face, chest, abdomen, thighs, arms and buttocks. He was also diagnosed as suffering from anemia and significant developmental delay. The mother admitted she "`just went off on him and hit him everywhere.'" The child was immediately placed in protective custody and dependency proceedings were instituted.
At a jurisdictional hearing held on February 6, 1991, the mother admitted she had physically abused DeLonnie S. and that he was a minor described by Welfare and Institutions Code[1]
section 300, subdivision (a).[2] The juvenile court dismissed other specific allegations and bases for jurisdiction contained in the petition filed by Kern County Department of Human Services.
The juvenile court conducted a dispositional hearing on February 22, 1991, at which time it adjudged DeLonnie S. a dependent child of the court. The court continued the child's out-of-home placement, having found from clear and convincing evidence that there was a substantial danger to the child's physical health if he were to be returned home and there were no reasonable means to protect the minor's physical health without removing *Page 1112 
him from his mother's physical custody. The mother, by this time, had pled guilty to felony child abuse (Pen. Code, § 273d) and was serving a four-year prison term.
The court further ordered no reunification services were to be provided to the mother pursuant to section 361.5, subdivision (e)[3] because services would be detrimental to the minor. In making its determination, the court said it had considered:
". . . the age of the child, the degree of parent and child bonding, the length of the sentence imposed upon the mother, the nature of the crime for which the mother is incarcerated, the degree of detriment to the child if services were not offered, as well as the nature of the treatment.
"The Court finds in these instances that there has been little bonding between the mother and child. The age of the child is eighteen months. The length of the sentence is four years, but the Court takes judicial notice of the representation by counsel that the sentence as it now stands would probably be at most one year and four months.
"The Court also finds that the nature of the crime is child abuse upon this child.
"The Court has also taken into consideration reports of the psychological evaluation performed by Dr. Byrum, and particularly with emphasis to the recommendation that there be no reunification pursued, that it would be detrimental to the interest of the child for the Court to make such an order."
The court in turn set the matter for permanency planning pursuant to section 366.26 and authorized the county adoptions agency to prepare an adoption assessment of the minor for the section 366.26 hearing.
At the subsequent section 366.26 hearing held on September 4, 1991, the court found by clear and convincing evidence that the minor was likely to be adopted and accordingly ordered the termination of the mother's rights. *Page 1113 
 I. TERMINATION OF PARENTAL RIGHTS
We will conclude the order terminating Anita M.'s rights must be reversed because section 366.26 (c)(1) does not authorize the termination under the facts before the court.
Under California's statutory scheme relating to post January 1, 1989, dependency adjudications, the juvenile court may terminate a parent's rights when it makes: (1) a finding at the permanency planning hearing that the dependent child is likely to be adopted; and (2) any one of five additional findings listed in subdivision (c)(1) of section 366.26,[4] each of which is made at a hearing prior to the permanency planning hearing. (§ 366.26, subd. (c)(1).)
(1) In other words, the fact that a dependent child is likely to be adopted will not by itself support an order terminating parental rights. Rather, in addition the Legislature has identified any one of five specific findings as sufficient bases for a termination order when the dependent child is likely to be adopted. The juvenile court in this case did not make any one of the five findings spelled out in section 366.26, subdivision (c)(1).
This case reached the permanency planning stage because the juvenile court did not offer the mother reunification services. The court did so after finding under section 361.5, subdivision (e) (see fn. 3, supra) that services for the mother who was incarcerated at the time would be detrimental to the child. The Legislature has specifically recognized the juvenile court's denial of reunification services to a parent as a sufficient basis for terminating his or her rights. However, the Legislature has also clarified this basis only exists when the juvenile court decides not to provide reunification services pursuant to the terms of section 361.5, subdivision (b) — not subdivision (e) of section 361.5 relied on in this case. (§ 366.26, subd. (c)(1).) Subdivision (b) of section 361.5 has an entirely different set of requirements.[5]
Moreover, when reunification services are ordered not to be provided, the statutory scheme limits the court's authority to refer the cause for a permanency planning hearing immediately to cases where the denial of services is *Page 1114 
pursuant to subdivisions (2), (3), (4), or (5) of subdivision (b) of section 361.5. (See subd. (f) of § 361.5.) This scheme conforms to the provisions of section 366.26, subdivision (c)(1) which refers to subdivision (b) of section 361.5, not subdivision (e), as the only basis for termination when services are not provided.
Thus, under the current statutory arrangement, when reunification services are not ordered pursuant to subdivision (e)(1) of section 361.5, as in the case at bench, the parent and minor are left in limbo — they are not entitled to reunification services yet the order cannot serve as the basis of terminating the parental relationship; a situation which cries out for legislative correction.
Respondent urges the court to correct the problem by adding subdivision (e)(1) of section 361.5 to section 366.26, subdivision (c)(1). (2) We decline to engage in such judicial legislation for two reasons among others. It is not the court's function to amend duly enacted legislation by judicial fiat. Secondly, we have no way of knowing what the Legislature intended. If called to its attention, the Legislature may correct this oversight in any one of many ways, some of which may be the elimination or modification of subdivision (e)(1) of section 361.5; adding subdivision (e)(1) to section 366.26, subdivision (c)(1), or it may devise some other arrangement to provide, after a period of time, for a hearing to determine whether reunification services should be provided or to make other findings which could serve as a basis of terminating parental rights.[6] *Page 1115 
In any event, because subdivision (e)(1) of section 361.5 is not included in section 366.26, subdivision (c)(1) as one of the five bases for terminating parental rights, the judgment terminating parental rights lacks statutory authority and must be reversed.
 II. OTHER POINTS RAISED*
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 DISPOSITION
The motion to dismiss the writ petition is denied; the petition for writ of mandate is denied; the judgment terminating appellant's parental rights is reversed.
Best, P.J., and Vartabedian, J., concurred.
[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.
[2] This was actually the second jurisdictional hearing conducted in this case. However, the juvenile court had permitted the mother to withdraw her plea to the original petition and consequently set a new jurisdiction hearing.
[3] Subdivision (e)(1) of section 361.5 in pertinent part provides:
"If the parent or guardian is incarcerated or institutionalized, the court shall order reasonable services unless the court determines those services would be detrimental to the minor. In determining detriment, the court shall consider the age of the child, the degree of parent-child bonding, the length of the sentence, the nature of the treatment, the nature of crime or illness, the degree of detriment to the child if services are not offered and, for minors 10 years of age or older, the minor's attitude toward the implementation of family reunification services, and any other appropriate factors."
[4] Section 366.26, subdivision (c)(1) provides in pertinent part:
"The court shall terminate parental rights only if it determines by clear and convincing evidence that it is likely that the minor will be adopted. If the court so determines, the findings pursuant to subdivision (b) of Section 361.5 that reunification services shall not be offered, or the findings pursuant to subdivision (e) of Section 366.21 that the whereabouts of a parent have been unknown for six months or that the parent has failed to visit or contact the child for six months or that the parent has been convicted of a felony indicating parental unfitness, or pursuant to Section 366.21 or Section 366.22 that a minor cannot or should not be returned to his or her parent or guardian, shall then constitute a sufficient basis for termination of parental rights. . . ."
[5] Section 361.5, subdivision (b) provides:
"Reunification services need not be provided to a parent described in this subdivision when the court finds, by clear and convincing evidence, any of the following:
"(1) That the whereabouts of the parents is unknown. A finding pursuant to this paragraph shall be supported by an affidavit or by proof that a reasonably diligent search has failed to locate the parent. The posting or publication of notices is not required in such a search.
"(2) That the parent is suffering from a mental disability that is described in Section 232 of the Civil Code and that renders him or her incapable of utilizing those services.
"(3) That the minor had been previously adjudicated a dependent pursuant to any subdivision of Section 300 as a result of physical or sexual abuse, that following that adjudication the minor had been removed from the custody of his or her parent or guardian pursuant to Section 361, that the minor has been returned to the custody of the parent or parents or guardian or guardians from whom the minor had been taken originally, and that the minor is being removed pursuant to Section 361, due to additional physical or sexual abuse. However, this section is not applicable if the jurisdiction of the juvenile court has been dismissed prior to the additional abuse.
"(4) That the parent of the minor has been convicted of causing the death of another child through abuse or neglect.
"(5) That the minor was brought within the jurisdiction of the court under subdivision (e) of Section 300 because of the conduct of that parent."
[6] We note that section 366.21, subdivision (e) in its current form precludes periodic review and referral for permanency planning pursuant to that section. It provides: "This section does not apply in a case where, pursuant to section 361.5, the court has ordered that reunification services shall not be provided."
* See footnote, ante, page 1109. *Page 1116